[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is before the court on appeal from the Lucas County Court of Common Pleas. That court sentenced appellant to one year of incarceration after a jury found him guilty of one count of forgery in violation of R.C.2913.31(A)(3). Appellant asserts the following sole assignment of error:
 "I. THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
On Saturday, December 14, 1996, James Riggs completed his shift at midnight at the GM Power Train facility. He discovered his van had been broken into in the parking lot.
Riggs also ran a drywall and painting business. Tools and approximately fifty blank business checks were missing from the van after the break-in. Riggs reported the stolen checks to the police and to his bank. Riggs paid fees to stop payment on the checks and closed his checking account.
Christoff Rongakis owned the Western Market. Appellant John Hawkins asked him to cash a check dated December 14, 1996 for $150, payable to appellant. The check was imprinted with the name "James W. Riggs dba Riggs Drywall and Painting." The check number was within the series of checks Riggs had reported stolen from his van.
Rongakis identified appellant as the person who had cashed the check at his store. He explained he had known appellant as a store patron for twenty years. Rongakis testified that he wrote appellant's social security number, birthday, and driver's license number on the back of the check at the time he cashed the check.
Approximately two weeks later, the check was returned to Rongakis unpaid, with the notation "Acct. Closed". Rongakis reported the incident to the police.
Appellant was indicted for one count of forgery, in violation of R.C. 2913.31(A)(3). On the day of trial, the trial court granted appellee's motion to amend the indictment to allege that the incident took place "between the dates of the 14th day of December and the 16th day of December." Originally, the indictment used the date of "on or about the 14th day of December, 1996". Appellant did not object.
At trial in March 1997, appellant cross-examined Rongakis about why a date of December 12, 1996, imprinted in purple ink, appeared on the back of the check. Appellant also questioned Rongakis about his recollection of the precise date he cashed the check for appellant. Rongakis was certain that appellant had been in his store on a Monday, around noon. His testimony was not as certain whether the date had been Monday, December 9, 1996, or Monday, December 16, 1996. The jury found appellant guilty of one count of forgery, a felony of the fifth degree.
In his sole assignment of error, appellant contends that his conviction is against the manifest weight of the evidence. Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. The Ohio Supreme Court has defined the standard we must use to review whether the manifest weight of the evidence sustains a conviction:
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony."
Id. at 388, citing Tibbs v. Florida (1982), 457 U.S. 31, 42. To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. Only if we conclude that the jury clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial. Id.
55 ohio st. 2d 2612925.03 Appellant was convicted of forgery under R.C.2913.31(A)(3), 2925.03 which states:
 "No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
"* * *
 "(3) Utter or possess with purpose to utter, any writing that the person knows to have been forged. * * *"
Appellant argues that inconsistencies about the precise date a check was cashed means appellant's conviction for forgery was against the manifest weight of the evidence. Appellant points to an unexplained date stamp of December 12, 1996 on the back of the check, which was two days before checks were taken from Riggs' van. He also relies upon variances in the store owner's testimony about whether appellant cashed the check on Monday, December 9, 1996, or Monday, December 16, 1996. Any inconsistencies in the store owner's recollection of the precise date he saw appellant cash the check raise issues of credibility and the weight to be given the testimony. Determinations of witness credibility, conflicting testimony, and evidence weight are primarily for the jury as trier of fact. See State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus; Hardiman v. Zep Mfg. Co.
(1984), 14 Ohio App.3d 222, 226.
In response to appellant's cross-examination questions, the store owner testified as follows.
 "Q. * * * Is [December 12th] anywhere near the time in which you took that check?
"A. Well —
"Q. December the 12th would be a Thursday.
 "A. December 12th, whatever December — if this had been December 12th and a Thursday, he give me the check Monday was three days before * * * because, you know, I had said, I don't see the day on it. I don't check the date 14 because I see his face, recognize his name, I cash the check. I don't look, you know, give him too much attention because I knew him personally. I wasn't looking for date. Probably the date given to me three days before and I don't give — I mean, I don't see the — you know, 12-14 probably was the postdate.
 "Q. So it's your indication that he presented this check on December the 9th?
"A. Yeah, he might, yeah."
When appellee questioned the witness during the prosecutor's redirect examination, the store owner testified:
 "Q. And you stated earlier during direct that he cashed the check on Monday, which would have made it the 16th of December; is that correct?
"A. Yes."
In response to appellant's questions on recross-examination, the witness testified:
 "Q. Mr. Rongakis, earlier you indicated on cross-examination that Mr. Hawkins cashed that check with you on the 9th on —
"[Appellee]: Objection, your Honor.
"A. I never say that.
"[Court] Sustained. * * * That is not what he testified to.
 "A. I never say that he cashed the check on the 9th. I never tell nobody that.
 "Q. Well you indicated that * * * perhaps it may have been the 9th, the previous * * * Monday. But you are now firm in that * * * the check was cashed on the 16th?
 "A. Yes, you can cash the check on the 16th. I mean, I know one thing, he probably cash it, you know, 16, * * * because the next day any * * * checks when I cash the day before, I take, you know, to the bank. And over here I see it, * * * the bank 12-17. So the next day when you go over there, you know, and you purchase the check, they put the stamp on it, so he cashed it to me on the 16th.
"Q. On the 16th?
 "A. No I can remember like that, I can put it like that, if you ask me." (Emphasis added.)
The record, including these excerpts, suggests the store owner may have been more confused by appellant's questions than inconsistent in his testimony about the date appellant cashed the check. While neither party explained why a date of "December 12" appeared on the back of a check, it was appellant who first raised the issue on cross-examination of the store owner.
Further, proof of theft of a forged document is not an element of forgery. Appellee had to prove appellant, with purpose to defraud, or while knowingly facilitating a fraud, uttered a check he knew was forged. How and when a document came into a forger's possession may be probative of knowledge, but they are not elements of a prima facie case of forgery.
The testimony revealed that Riggs never issued any check to appellant and appellant had no reason to receive a check from Riggs. Despite the unexplained "December 12" notation, the store owner, as an eyewitness, testified he saw appellant endorse the check.
Whether the check was from the batch stolen from Riggs' van on December 14 or not, and whether appellant cashed it on December 16, or not, a jury could infer, as we do, that appellant uttered a check he had no authority to cash. Accordingly, we conclude that, the greater amount of credible evidence supports the jury's verdict finding appellant guilty of forgery beyond a reasonable doubt. We cannot conclude that the jury lost its way or created a miscarriage of justice in finding appellant guilty of forgery. Accordingly, appellant's assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.